**Rick L. FREIDENBLOOM, Appellant,**

v.

**M. Christina WEYANT, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 2002.

Filed Jan. 7, 2003.

Richard A. Behrens, Hollidaysburg, for appellant.

M. Christina Weyant, appellee, pro se.

Before MUSMANNO, LALLY-GREEN, and KLEIN, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, Rick L. Freidenbloom, appeals from the judgment entered in the Court of Common Pleas of Blair County in favor of M. Christina Weyant, Appellee, and against Appellant concerning an award of counsel fees. We vacate the judgment.

¶ 2 The trial court briefly summarized the facts of this case as follows:

[Appellant] commenced this civil action by filing a Writ of Summons on April 8, 1998, and after several years of litigation, filed a Motion to Discontinue on April 11, 2001. [Appellee] has petitioned this Court to award counsel fees in the amount of $3,427.43 alleging that the lawsuit was frivolous and arbitrary.

The lawsuit sought to recover an amount paid by State Farm Insurance Company for purposes of having [Appellee's] premises remodeled to accommodate [Appellant's] disabilities. These disabilities were suffered by [Appellant] in an accident covered by State Farm Insurance Company and the remodeling was done at a time when [Appellant] and [Appellee] were co-habitating at [Appellee's] residence. Upon termination of said co-habitation, [Appellant] filed this lawsuit alleging that State Farm Insurance Company was no longer obligated under the terms of its settlement with [Appellant] to further remodel other premises and [Appellant] therefore sought recovery as set forth above.

Trial Court Opinion, 11/1/2001, at 1.

¶ 3 The relevant procedural history follows. On April 8, 1998, Appellant filed a praecipe for issuance of a writ of summons commencing the civil action against Appellee. On June 8, 1998, Appellant filed a complaint. On June 8, 1999, Appellee filed an answer and new matter. Discovery followed. On April 10, 2001, Appellant filed a request for continuance with the trial court which was denied. On April 11, 2001, Appellant filed a praecipe to discontinue the action.

¶ 4 On May 17, 2001, Appellee filed a petition for award of counsel fees. The trial court held hearings on May 31, 2001 and September 5, 2001. On January 21, 2002, the trial court ultimately issued an order directing Appellant to pay Appellee's counsel fees in the amount of $3,427.43. This appeal followed.

¶ 5 Appellant raises the following issues for our review:

1. Whether the trial court's order directing the plaintiff to pay the defendant's counsel fees was not supported by the record, was contrary to the law and/or constituted an abuse of discretion under all circumstances of this case.

2. Whether the trial court lacked jurisdiction or authority to enter an award of counsel fees because of the defendant's untimely filing of her petition for counsel fees.

Appellant's Brief at 3. Due to our disposition of this matter, we need only address Appellant's second issue.

¶ 6 Appellant argues that the trial court improperly acted upon Appellee's request for counsel fees because the request was filed by Appellee more than 30 days after the action was discontinued. This claim has merit.

¶ 7 Participants to causes of actions have a right to receive counsel fees pursuant to 42 Pa.C.S.A. § 2503, which states in relevant part:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the mat-

ter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S.A. § 2503(9). Suits for counsel fees cannot be maintained separately from the principal claim. *First National Bank of Northeast v. Gooslin*, 399 Pa.Super. 496, 582 A.2d 1054, 1056 (1990). In *First National Bank of Northeast*, a petition for counsel fees under 42 Pa.C.S.A. § 2503 was filed over three months after the entry of the final order resolving the dispute. *Id.* Our Court ruled that the fee petition should have been filed before the final order was entered. *Id.* The Court explained that matters, which could properly be raised before final judgment, must be raised before final judgment because finality of judgment extends not only to matters actually determined but also to matters which could properly have been raised and determined therein. *Id.*[1]

■ ¶ 8 We next examine whether Appellee's petition for fees was filed in a timely fashion. A trial court's jurisdiction generally extends for thirty days after the entry of a final order:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. After the 30 day time period, the trial court is divested of jurisdiction. *Henninger v. State Farm Insurance Co.*, 719 A.2d 1074, 1075 (Pa.Super.1998).

■ ¶ 9 A praecipe to discontinue a case constitutes a final resolution of all issues. *Sustrik v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 197 A.2d 44 (1964).[2] Further, a praecipe for discontinuance has the same effect as a judgment entered in favor of the defendant. *Triffin v. Janssen*, 455 Pa.Super. 513, 688 A.2d 1212, 1214 (1997).[3] Thus, since a praecipe for discontinuance constitutes a final resolution of the case and has the effect of a final judgment, a trial court may consider a petition for fees filed within a period of 30 days after the filing of the praecipe.

¶ 10 In summary, requests for counsel fees under 42 Pa.C.S.A. § 2503 are part of the principal claim and must be determined as part of that claim. *Gooslin.* The entry of a praecipe to discontinue a

---

1. Our sister court, the Commonwealth Court, has held that where a petition for counsel fees was filed and granted over 40 days after a final order in the underlying matter, the grant of the petition was a nullity. *Municipal Council of Monroeville v. Kluko*, 102 Pa. Cmwlth. 49, 517 A.2d 223, 225 (1986).

2. In *Sustrik*, our Supreme Court stated that a settlement and discontinuance had the same effect as an entry of judgment. There, property owners brought a cause of action for removal of coal from their property. *Id.*, 197 A.2d at 45. The owners had instituted a similar previous action seeking the same type of damages from the same defendants. *Id.* The Court concluded that the new claim was barred because the earlier cause of action had been settled and discontinued. *Id.* at 46. The *Sustrik* Court explained:

> [a]s between the parties involved, the settlement and discontinuance had the same effect as the entry of a judgment for the defendant in the proceedings. As between the parties to the action, it is conclusive as to the cause of action asserted therein....

*Sustrik*, 197 A.2d at 46.

3. In *Triffin*, the trial court *sua sponte* imposed discovery sanctions against both parties in a legal malpractice action. *Id.*, 688 A.2d at 1214. When the action was later discontinued, the interlocutory order imposing sanctions became final and appealable. *Id.*, n. 2. *See also, Riggio v. Burns*, 711 A.2d 497, 499 (Pa.Super.1998)(an interlocutory order in which only a portion of the appellant's claims were dismissed through summary judgment was made final by a praecipe to discontinue the remaining claims).

case constitutes a final order. *Sustrik; Triffin; Riggio.* Courts of Common Pleas retain jurisdiction to consider fee petitions filed within a period of 30 days after the entry of a final order. *Henninger;* 42 Pa.C.S.A. § 5505.

¶ 11 Here, our review of the record reflects that Appellee did not file the fee petition within 30 days of the voluntary discontinuance of the case. On April 11, 2001, Appellant filed a praecipe to discontinue the action. This praecipe to discontinue was the equivalent of a final judgment. *Sustrik.* On May 17, 2001, 36 days later, Appellee filed a petition for award of counsel fees. The court entered an order awarding counsel fees on January 21, 2002. Since the fee petition was filed beyond the 30–day period in which the trial court retained jurisdiction, the trial court lacked any authority to act on the late petition for counsel fees. Thus, its subsequent order was a nullity. *Henninger; Kluko.* Accordingly, we are constrained to vacate the order.

¶ 12 Judgment vacated. Jurisdiction relinquished.