**Heather Eileen HOLLER,**

v.

**Mark C. SMITH, and Arthur DeShong and Shirley DeShong, His Wife.**

**Appeal of: Arthur DeShong, Shirley DeShong, and Heather Eileen Holler, Appellants.**

Superior Court of Pennsylvania.

Submitted Feb. 20, 2007.

Filed July 2, 2007.

David M. Axinn, Hollidaysburg, for appellants.

Barbara L. Weiss, Pittsburgh, for Smith, appellee.

BEFORE: STEVENS, ORIE MELVIN, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Bedford County awarding counsel fees to Appellee, Mark Charles Smith. On appeal, Appellants, Heather Eileen Holler and Arthur and Shirley DeShong, claim that the trial court lacked jurisdiction to award counsel fees greater than 30 days from the entry of a final judgment in the custody dispute and that the trial court erred in finding Appellants' conduct vexatious to justify the award. We affirm.

¶ 2 The underlying action involves a custody case brought in 1998 regarding the minor child of Appellant, Holler, and Appellee. Throughout the course of the custody battle, complaints of drug and alcohol abuse plagued both parties, as well as a claim that Appellee sexually abused the child which was ultimately determined to be unsubstantiated. In 2004, the DeShongs, the maternal grandparents of the child who had been caring for the child, filed a petition to intervene in the action and filed for custody. Ultimately, by order entered January 14, 2005, the court awarded legal custody to Bedford County Children and Youth Services, primary physical custody to the DeShongs, partial custody to both parents, and ordered Appellant, Holler, to pay $500 for contempt of a prior court order regarding custody. In the order, the trial court also dismissed Appellant Holler's 2001 petition in which she had sought a protection from abuse order regarding the alleged, but unsubstantiated, abuse against the child.

¶ 3 On December 14, 2005, Appellee filed a petition against Appellants seeking counsel fees. By order entered May 3, 2006, the trial court awarded Appellee $5,000 in counsel fees. Appellants filed an appeal to this Court and the trial court ordered Appellants to file a statement pursuant to Pa.R.A.P. 1925(b). The requested statement was filed and the trial court filed a Pa.R.A.P. 1925(a) opinion.

¶ 4 Herein, Appellants present the following questions for review:

I. WHETHER THE TRIAL COURT LACKED JURISDICTION TO AWARD COUNSEL FEES, WHERE THE PETITION WAS FILED MORE THAN 30 DAYS AFTER ENTRY OF A FINAL JUDGMENT?

II. WHETHER THE APPELLANT'S CONDUCT WAS VEXATIOUS?

Brief of Appellants at 4 (suggested answers omitted).

¶ 5 In the first issue, Appellants claim the trial court lacked jurisdiction to award counsel fees pursuant to 42 Pa.C.S.A. § 2503(7). Pursuant to this statute:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

* * *

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

¶ 6 Appellants contend that the custody order entered January 14, 2005 was a final order so that any appeal or modification sought, such as the award of counsel fees, had to be filed within 30 days of that order pursuant to 42 Pa.C.S.A. § 5505. To support their argument, Appellants cite to

*Freidenbloom v. Weyant,* 814 A.2d 1253 (Pa.Super.2003), *overruled in part on a different basis, Miller Electric Co. v. DeWeese,* 589 Pa. 167, 907 A.2d 1051 (2006), a civil suit brought for the recovery of insurance monies, which addressed 42 Pa.C.S.A. § 2503(9) and noted:

Suits for counsel fees cannot be maintained separately from the principal claim ... [M]atters, which could properly be raised before final judgment, must be raised before final judgment because finality of judgment extends not only to matters actually determined but also to matters which could properly have been raised and determined therein.

*Id.* at 1255 (citations omitted). This Court went on to explain that an order may be modified or rescinded within 30 days pursuant to 42 Pa.C.S.A. § 5505 such that a petition for counsel fees may be considered within that time period. In *Freidenbloom,* this Court determined that the petition for an award of counsel fees was untimely as it was brought beyond 30 days of the voluntary discontinuance of the case.

¶ 7 We disagree with Appellants that the analysis should end here. Custody matters are a special creature.

Generally, a custody order will be considered final and appealable only after the trial court has completed its hearings on the merits and the resultant order resolves the pending custody claims between the parties. In the context of finality of orders, we recognize the uniqueness of custody orders compared to orders in other civil actions.

Child custody orders are temporary in nature and always subject to change if new circumstances affect the welfare of a child. The Commonwealth has a duty of paramount importance, to protect the child's best interests and welfare. To that end, it may always en-

tertain an application for modification and adjustment of custodial rights.

*Kassam v. Kassam,* 811 A.2d 1023, 1025 (Pa.Super.2002), *appeal denied,* 573 Pa. 704, 827 A.2d 430 (2003) (citations, quotations, quotation marks, and parenthetical omitted).

¶ 8 Unlike other actions which have a clear beginning, middle, and end, custody orders may be repeatedly modified. In this case, the custody order placed legal custody with CYS and primary physical custody with the DeShongs with partial custody being awarded to both parents. Clearly, the order was not intended to be put in place permanently as evidenced by the appointment of a case supervisor to monitor the situation between the parties. Accordingly, the 30 day time limitation to modify an order to award counsel fees does not apply in this situation. Lending additional support to our finding is the fact that the statute relied upon to award counsel fees does not contain a provision indicating when such an action may be deemed untimely. Rather, the particular facts and circumstances of a case dictate the ultimate timing of such an award.

¶ 9 Next, Appellants challenge the trial court's determination that their conduct was vexatious, justifying the award of counsel fees.

By statute, the trial court has the authority to order a party to pay the opposing side's [counsel] fees when the party's conduct has been, *inter alia,* vexatious or obdurate or in bad faith. A party has acted in bad faith when he files a lawsuit for purposes of fraud, dishonesty or corruption. A party's conduct has been vexatious if he brought or continued a lawsuit without legal or factual grounds and if the suit served only to cause annoyance.

. . .

The trial court must make specific findings of the proscribed conduct to award [counsel] fees.

. . .

The trial court has great latitude and discretion with respect to an award of [counsel] fees pursuant to a statute. In reviewing a trial court's award of [counsel] fees, our standard is abuse of discretion. If there is support in the record for the trial court's findings of fact that the conduct of the party was obdurate, vexatious or in bad faith, we will not disturb the trial court's decision.

*Scalia v. Erie Insurance Exchange,* 878 A.2d 114, 116 (Pa.Super.2005) (citations, quotation marks, and parentheticals omitted).

¶ 10 Although phrasing the issue in a manner implying a challenge to the sufficiency of the evidence regarding a finding of vexatious conduct, Appellants' challenge is generally the same as in the first issue with a different twist. Specifically, Appellants claim the trial court made its findings regarding Appellants' vexatious conduct when it filed its January 14, 2005 custody order, and the trial court made no specific findings regarding Appellants' vexatious conduct during the February 3, 2006 hearing related to counsel fees. Contrary to this assertion, however, the transcript of the February 3, 2006 hearing is replete with references to the conduct in question, and, therefore, we find no basis to disturb the trial court's findings in this regard.

¶ 11 Order affirmed.