# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis L. Ness,
                 Appellant

         v.

York Township Board of
Commissioners and York County
Commissioners

      :
      :
      :
      : No. 1458 C.D. 2014
      : Submitted: March 27, 2015
      :
      :
      :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  September 17, 2015**

This matter is an appeal from an order of the Court of Common Pleas of York County (trial court) awarding counsel fees to the York Township Board of Commissioners (Township) under 42 Pa. C.S. § 2503. Because the Township filed its Petition for Sanctions seeking counsel fees more than 30 days after the trial court's final order in this case, we vacate the award of counsel fees for lack of jurisdiction.

On November 13, 2013, Dennis L. Ness (Ness), *pro se*, filed a Petition for Review against the Township and York County Commissioners (County), challenging the validity of tax exemption ordinances enacted by the County and the Township in 2006, 2008 and 2011. (Petition for Review, Reproduced Record (R.R.) at 1a-43a.) The Township moved to dismiss the Petition for Review. (Motion to Dismiss Petition for Review and, in the

Alternative Preliminary Objections, R.R. at 81a-87a.)  On December 17, 2013, the trial court entered an order dismissing the Petition for Review with prejudice on the grounds that Ness lacked standing, that the Petition for Review did not state a legally cognizable claim, that necessary parties had not been joined, and that the challenge to the ordinances was not timely.  (12/17/13 Trial Court Order and Opinion, R.R. at 107a-119a.)

On January 2, 2014, Ness filed a Notice of Appeal appealing this dismissal, which was docketed in this Court as No. 8 C.D. 2014 (the January 2014 Appeal).  Neither the Township nor the County filed any petition for sanctions, request for counsel fees or motion for any other additional relief within 30 days of the entry of the trial court's December 17, 2013 order, either before or after Ness filed that appeal.  In the January 2014 Appeal, Ness failed to file his brief when due and also failed to file any brief in response to the Court's April 15, 2014 order that he file his brief with 14 days or suffer dismissal of the appeal.  On May 9, 2014, this Court, accordingly, dismissed the January 2014 Appeal.

On May 22, 2014, after the dismissal of the January 2014 Appeal and more than five months after the trial court's December 17, 2013 final order dismissing the Petition for Review with prejudice, the Township filed a Petition for Sanctions, seeking an award of counsel fees against Ness under 42 Pa. C.S. § 2503(9), which permits the award of counsel fees against parties whose conduct in commencing or litigating a case is "arbitrary, vexatious or in bad faith." (Petition for Sanctions, R.R. at 127a-133a.)  In the Petition for Sanctions, the Township asserted that Ness filed the Petition for Review without any basis in law or fact and solely to harass, and alleged that it had incurred $3,892.70 in counsel fees in defending against the Petition for Review.  (Petition for Sanctions ¶¶13-19, R.R. at

2

129a-130a.)  The trial court issued a Rule to Show Cause scheduling argument on the Petition for Sanctions, but did not set any date by which Ness was required to file an answer to the Petition for Sanctions.  (Order Issuing Rule to Show Cause, R.R. at 134a.)   At the argument of the Township's Petition for Sanctions, the Township did not submit any bills from counsel or other evidence of the amount of counsel fees it had incurred.  Rather, the Township addressed only the issue of whether Ness's conduct was arbitrary, vexatious or in bad faith.  (Transcript of Sanctions Proceeding (H.T.) at 2-9, R.R. at 137a-144a.)   At the close of that proceeding, the trial court granted the Township's Petition for Sanctions and ordered Ness to pay the Township $3,892.70 in counsel fees.  (H.T. at 14-16, R.R. at 149a-151a; 7/22/14 Trial Court Order, R.R. at 153a-155a.)   This appeal followed.[1]

Ness argues that the trial court was without jurisdiction to award the Township counsel fees because the Township's Petition for Sanctions was not filed within 30 days of the December 17, 2013 order dismissing the Petition for Review. We agree.[2]

---

[1] Generally, an award of counsel fees will not be disturbed absent of an abuse of discretion, if the trial court's findings of fact are supported by the record. *Township of South Strabane v. Piecknick*, 686 A.2d 1297, 1300 n.6 (Pa. 1996).  Whether the trial court had jurisdiction to act on the Township's Petition for Sanctions, however, is a question of law as to which the standard of review is *de novo* and the scope of review is plenary. *Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008).

[2] Ness did not raise this issue before the trial court and did not fully and accurately articulate it until his reply brief in this appeal.  Subject matter jurisdiction, however, is not waivable and may be raised at any stage of a proceeding by a party or *sua sponte* by the Court. *Blackwell v. State Ethics Commission*, 567 A.2d 630, 636 (Pa. 1989).

3

Under Section 5505 of the Judicial Code,[3] a trial court lacks authority to award additional relief sought more than 30 days after its final order in a case. *Strohl v. South Annville Township*, (Pa. Cmwlth. Nos. 2162 C.D. 2009 & 2324 C.D. 2009, filed April 13, 2011), slip op. at 11-12, 2011 WL 10858400 at \*4; *In re Estate of Bechtel*, 92 A.3d 833, 843 (Pa. Super. 2014); *Freidenbloom v. Weyant*, 814 A.2d 1253, 1255 (Pa. Super. 2003), *overruled in part on other issue by Miller Electric Co. v. DeWeese*, 907 A.2d 1051 (Pa. 2006). "A trial court's jurisdiction generally extends for thirty days after the entry of a final order …. After the 30 day time period, the trial court is divested of jurisdiction." *Freidenbloom*, 814 A.2d at 1255. Accordingly, where a request for counsel fees under 42 Pa. C.S. § 2503 is filed more than 30 days after final judgment, the trial court has no jurisdiction to act on that request, and its award of counsel fees must be vacated for lack of jurisdiction. *Strohl*, slip op. at 11-14, 2011 WL 10858400 at \*4-\*5 (vacating award of counsel fees for lack of jurisdiction where motions for sanctions were filed 38 days or more after trial court orders dismissing complaint with prejudice); *Freidenbloom*, 814 A.2d at 1255-56 (vacating award of counsel fees for lack of jurisdiction where petition for counsel fees was filed 36 days after discontinuance of action).

The trial court's final order in this matter was its dismissal of the Petition for Review, which was entered December 17, 2013. The Township was therefore required to file any application for counsel fees within 30 days of that order, by January 16, 2014. Because the Township took no action to request

---

[3] Section 5505 of the Judicial Code provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S. § 5505.

4

counsel fees until May 22, 2014, the trial court did not have jurisdiction to act on that request and its award of counsel fees cannot stand. *Strohl*, slip op. at 11-14, 2011 WL 10858400 at \*4-\*5; *Freidenbloom*, 814 A.2d at 1255-56.

The fact that Ness filed an appeal that was pending in this Court until May 9, 2014 does not change this. A motion for counsel fees under 42 Pa. C.S. § 2503 is an ancillary matter separate from the appeal of the trial court's judgment in the case. *Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1, 48 (Pa. 2011); *Old Forge School District v. Highmark Inc.*, 924 A.2d 1205, 1211 (Pa. 2007). The filing of an appeal therefore does not divest the trial court of jurisdiction over such a motion for counsel fees. *Samuel-Bassett*, 34 A.3d at 48; *Old Forge School District*, 924 A.2d at 1211. Because the trial court retained jurisdiction over the separate issue of counsel fees, Ness's filing of the January 2014 Appeal did not prevent the Township from timely filing its request for counsel fees on or before January 16, 2014.[4]

Moreover, this Court's order in the January 2014 Appeal did not give the trial court any renewed jurisdiction over this matter. Had this Court reversed the trial court's December 17, 2013 order and remanded the case for further proceedings, the trial court would again have had jurisdiction to act in this case and a request for counsel fees could be filed before it entered a new final order or

---

[4] Indeed, any argument that the trial court's jurisdiction was suspended while the matter was in this Court is contradicted by both the Township's and the trial court's actions. Examination of the docket in the January 2014 Appeal shows that the record was not remitted to the trial court until August 20, 2014, more than two and one-half months <u>after</u> the Township filed its Petition for Sanctions and almost a month <u>after</u> the trial court's July 22, 2014 order awarding counsel fees. (8 C.D. 2014 Docket Entries.) Thus, if the trial court lacked jurisdiction to act on counsel fees while the case was in this Court, the sanctions order would still be void for lack of jurisdiction.

5

within 30 days of such a new order. *Strohl*, slip op. at 13, 2011 WL 10858400 at *5. This Court, however, did not reverse or remand the case to the trial court for further proceedings. Rather, it dismissed the appeal, leaving the matter as if no appeal had ever been filed.

The Township argues that a party must be allowed to delay filing a motion for counsel fees until appeals are complete because our Supreme Court noted in *Miller Electric Co.* that "where one or both parties appeal from the judgment, the final determination as to whether a [party] 'wins' an action … will depend on the outcome of the appeal." 907 A.2d at 1056. We do not agree.

Contrary to the Township's assertion, *Miller Electric Co.* does not hold that an appeal extends the 30-day period after the trial court's final order in which a party must file a motion for counsel fees. In *Miller Electric Co*, the motion for counsel fees was filed <u>before</u> the final judgment, and the issue was whether the final judgment on other issues prevented a later ruling on the counsel fee motion and a timely appeal from the denial of counsel fees, 907 A.2d at 1053-57, not whether a counsel fee motion can be filed in a trial court where nothing in the case is pending, long after final judgment, simply because it is within 30 days after completion of an appeal. Indeed, the Supreme Court in *Miller Electric Co.* noted the Superior Court's holding in *Freidenbloom* that a motion for counsel fees must be filed within 30 days of final judgment with apparent approval and only disagreed with that decision to the extent that it restricted when the trial court must act on a timely filed motion, stating:

> *Freidenbloom* stands for the proposition that a praecipe to discontinue constitutes a final judgment, and that a trial court may only act on a motion for fees that is filed within 30 days from final judgment. Here, however, the motion for fees was filed prior to the entry of judgment; *Freidenbloom* does not

6

> address whether the entry of judgment is dispositive of a motion for fees filed prior to judgment.
>
> \* \* \*
>
> *Freidenbloom* held a trial court may consider a petition for fees <u>filed within 30 days</u> of the entry of final judgment. Appellant's motion for attorney's fees was filed months prior to the entry of judgment, and we disagree that *Freidenbloom* restricts the period of time a trial court may act on a motion for fees filed pursuant to § 2503(3).

907 A.2d at 1055-56 (citations omitted) (emphasis in original).

Any implication in *Miller Electric Co* that a motion for counsel fees is not ripe and cannot be filed and granted before the completion of appeals is also negated by our Supreme Court's later decisions. In *Old Forge School District*, the Supreme Court held that this Court as trial court properly addressed a motion for counsel fees under 42 Pa. C.S. § 2503(9), even though an appeal from the underlying final order was pending that could have changed the movant's status as a prevailing party. 924 A.2d at 1211. *See also Samuel-Bassett*, 34 A.3d at 48-49 (trial court had authority to award of counsel fees to plaintiffs as prevailing parties on statutory claim that provided for counsel fees while appeal of the merits was pending).

Moreover, consideration of sound judicial policy requires rejection of the Township's argument. Delay in filing a motion for counsel fees while an underlying appeal is pending denies the trial court the opportunity to consider the fee request at a time when the court is familiar with the case and issues. While the period that the January 2014 Appeal was pending was relatively brief, that will not always be the case. The rule advocated by the Township would permit the filing of a motion for counsel fees years after the events and conduct for which fees are sought. Therefore, even if it were in our power to extend the period over which a trial court retains jurisdiction, we would decline to do so.

7

Because the Township did not file its Petition for Sanctions within 30 days of the trial court's final order and this Court did not remand the case for any further proceedings, the trial court no longer had jurisdiction over this case after January 16, 2014 and was without jurisdiction to act on the Township's May 22, 2014 Petition for Sanctions. Accordingly, we vacate the trial court's order awarding counsel fees.


_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis L. Ness,       :
     Appellant   :
           :
    v.      : No. 1458 C.D. 2014
           :
York Township Board of    :
Commissioners and York County :
Commissioners      :

# **O R D E R**

AND NOW, this 17th day of September, 2015, the order of the Court of Common Pleas of York County, dated July 22, 2014, is hereby VACATED.

             _____
             **JAMES GARDNER COLINS, Senior Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Dennis L. Ness, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1458 C.D. 2014 |
| | : | |
| York Township Board of | : | Submitted: March 27, 2015 |
| Commissioners and York | : | |
| County Commissioners | : | |

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE MARY HANNAH LEAVITT, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

**DISSENTING OPINION**
**BY JUDGE COHN JUBELIRER**               **FILED: September 17, 2015**

This case presents an issue of first impression that raises complex procedural matters and the Majority opinion provides thoughtful analysis in establishing a plausible new rule. However, when a trial court order is appealed, which party will ultimately prevail and be entitled to counsel fees is not certain until final resolution of the appeal. Therefore, where there is an appeal, I would not find that a party waives its ability to file a motion for counsel fees if the motion is not filed within thirty days of the trial court's order. Instead, a party should be permitted to file the motion for counsel fees within 30 days of an appellate court's order disposing of an appeal. There are benefits to permitting a party to wait to file a motion for counsel fees until after an appeal has been decided, such as promoting judicial economy and preventing vexatious litigation. Therefore, I respectfully dissent.

The Majority is correct that our Courts have generally held that: 1) the trial court does not lose jurisdiction to decide a motion for counsel fees when the motion is filed within 30 days of the trial court's final order; and 2) when there is *no appeal* from the trial court's order, the trial court *does* lose jurisdiction to consider a motion for counsel fees filed more than 30 days after the trial court's final order. In re Estate of Bechtel, 92 A.3d 833, 843 (Pa. Super. 2014); Freidenbloom v. Weyant, 814 A.2d 1253, 1255-56 (Pa. Super. 2003), overruled in part on other grounds by Miller Electric Company v. DeWeese, 907 A.2d 1051 (Pa. 2006). The trial court also does not lose jurisdiction to decide a motion for counsel fees as a result of the filing of an appeal of a trial court's order on the merits. Samuel-Bassett v. Kia Motors America, Inc., 34 A.3d 1, 48 (Pa. 2011); Old Forge School District v. Highmark Inc., 924 A.2d 1205, 1209, 1211 (Pa. 2007). The Majority, therefore, concludes that motions for counsel fees must be filed with the trial court within 30 days of the trial court's final order *regardless* of whether an appeal has been filed with an appellate court. This is a question our Courts have not specifically answered.

The reason an appeal bears on the awarding of counsel fees is that, generally, counsel fees are awarded to a prevailing party, see Section 1726(a) of the Judicial Code, 42 Pa. C.S. §1726(a); thus, where there is an appeal of the trial court's order, which party ultimately prevails cannot be determined with absolute certainty until the final disposition, after appeal. Our Supreme Court recognized this idea in Miller Electric Company, noting that the final disposition did not occur until "appellant's status as the prevailing party" was perfected in that case, i.e., *when the time for appeal expired and no appeal had been filed*. Miller Electric

RCJ-2

Company, 907 A.2d at 1056.  However, the Supreme Court also noted that, *when an appeal is taken*, the final determination regarding who is the prevailing party entitled to counsel fees "will depend on the outcome of the appeal." Id.

In Miller Electric Company, the appellant filed a motion for counsel fees several months before obtaining a final judgment in its favor on June 27, 2002. Miller Electric Company, 907 A.2d at 1053.  The trial court denied the appellant's motion for counsel fees on July 10, 2002 and, on August 8, 2002, the appellant appealed the denial of the motion for counsel fees to the Superior Court. Id.  The appellee moved to quash the appeal as untimely, which the Superior Court granted. Id.  On appeal to our Supreme Court, the Supreme Court analyzed the relevant law, stating:

> Freidenbloom held a trial court may consider a petition for fees *filed within 30 days* of the entry of final judgment. Freidenbloom, [814 A.2d] at 1255.  Appellant's motion for attorney's fees was filed months prior to the entry of judgment, and we disagree that Freidenbloom restricts the period of time a trial court may act on a motion for fees filed pursuant to [Section] 2503(3) [of the Judicial Code].  Section 2503(3) [of the Judicial Code] dictates that a garnishee found to have in his possession no indebtedness due "shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter...." 42 Pa.C.S. § 2503(3).  Taxable costs are generally payable incident to a final judgment, *i.e.*, after termination of the action by discontinuance or final disposition. Novy v. Novy, . . . 188 A. 328, 331 ([Pa.] 1936). Here, the prothonotary entered judgment June 27, 2002; however, appellant's status as the prevailing party was not perfected until 30 days later when the time for appeal expired.  *In cases where one or both parties appeal from the judgment, the final determination as to whether a garnishee "wins" an action, in the sense that he is found to have no indebtedness due, will depend on the outcome of the appeal.*

Id. at 1056 (third emphasis added).

RCJ-3

Because a matter is not finally disposed of until the outcome of the appeal is known, I believe that <u>Miller Electric Company</u> provides support for permitting a prevailing party to file a motion for sanctions with the trial court within 30 days of an appellate court's final decision.[1]  In the matter *sub judice*, the York Township Board of Commissioners (Township) was not assured of its status as the prevailing party in the matter until Dennis L. Ness's (Ness) appeal on the merits was dismissed by this Court on May 9, 2014 for his failure to file a brief.  Since the Township's motion for counsel fees[2] was filed within 30 days of when the matter was disposed of on appeal by this Court, I believe that its motion was timely.  Because it is not necessary to find waiver for not filing the motion for counsel fees sooner, I would not do so.

There are other benefits in permitting such an appeal.  I believe that it would promote judicial economy, promote the goal of preventing vexatious litigation, and provide a rule that is parallel to the current appellate procedural rules.

When an appeal has been filed, it is more efficient to allow parties to wait to file motions for counsel fees with the trial court until after the appeal has been decided.  For example, where the trial court is reversed on appeal, the rule

---

[1] Of course, as acknowledged by the Majority, in instances when a matter is remanded by the appellate court to the trial court for further proceedings, a party may file a motion for counsel fees at any time before the trial court enters a new final order, or within 30 days of the trial court's new order.

[2] Here, the Township filed its motion for counsel fees pursuant to Section 2503(9) of the Judicial Code, 42 Pa. C.S. § 2503(9).  Section 2503(9) entitles a participant to reasonable counsel fees when "the conduct of another party in commencing [litigation] or otherwise was arbitrary, vexatious, or in bad faith."  <u>Id.</u>

proposed by the Majority would require extra work for counsel and for the trial court, and create an administrative burden for the trial court to monitor the motion on its active docket, with absolutely no benefit from the costs. Currently, when motions for counsel fees are filed within 30 days of a trial court's order and an appeal is filed, the trial court will often stay the motion for counsel fees pending the outcome of the appeal. Those motions for counsel fees will not be decided by the trial court until after the outcome of the appeal is certain; therefore, requiring the motions to have been filed within 30 days is not necessary.

Section 2503(9) of the Judicial Code provides the statutory authority for the Township's motion for counsel fees in this case. Under this section, participants are entitled to reasonable counsel fees where "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa. C.S. § 2503(9). Because it is possible that evidence of a party's bad faith or vexatious conduct in commencing a matter may become more apparent during the pendency of the appeal, it is advantageous to allow parties to wait to file motions for counsel fees until after an appeal is decided. In such situations, a rule resulting in the waiver of a party's ability to request counsel fees in instances where a party does not file a motion for counsel fees within 30 days of a trial court's final order, even when an appeal has been filed, undermines the goal of Section 2503 of discouraging vexatious and improper litigation.

The Pennsylvania Rules of Appellate Procedure permit litigants to wait to file a motion for counsel fees until after the outcome of an appeal is determined. Pa. R.A.P. 2744, 2751. Rule 2744 provides, in relevant part, as follows:

an appellate court may award as further costs damages as may be just, including (1) a reasonable counsel fee . . . if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious.[3]

Pa. R.A.P. 2744. Regarding when a participant must request counsel fees from the appellate court, Rule 2751 states that, "[a]n application for further costs and damages must be made before the record is remanded, unless the appellate court, for cause shown, shall otherwise direct." Pa. R.A.P. 2751. With respect to the timing of the remand of the record, Rule 2572 of the Pennsylvania Rules of Appellate Procedure provides, in relevant part, that:

**(a) General rule.** Unless otherwise ordered:

(1) [t]he record shall be remanded to the court or other tribunal from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record.

(2) [t]he pendency of an application for reargument, or of any other application affecting the order, or the pendency of a petition for allowance of appeal from the order, *shall stay the remand of the record until the disposition thereof, and until after 30 days after the entry of a final order in the new appellate court possessed of the record.*

---

[3] Rule 2744 effectuates Section 2503 of the Judicial Code at the appellate level. Under Pennsylvania law, "attorneys' fees are recoverable from an adverse party to a cause only when provided for by statute, or when clearly agreed to by the parties." Commonwealth, Department of Transportation v. Manor Mines, Inc., 565 A.2d 428, 433 (Pa. 1989) (quoting Fidelity-Philadelphia Trust Company v. Philadelphia Transportation Company, 173 A.2d 109, 113 (Pa. 1961)). Section 2503 of the Judicial Code provides the legislative authorization for Rule 2744. G. Darlington, K. McKeon, D. Schuckers & K. Brown, Pennsylvania Appellate Practice § 2744.2 (West 2014).

**(b) Supreme Court orders.** The time for the remand of the record pursuant to subdivision (a) following orders of the Supreme Court shall be

. . .

(2) 14 days in all other cases.

Pa. R.A.P. 2572 (emphasis added). Because Rule 2572 stays the remand of the record pending the outcome of an appeal from an appellate court, pursuant to Rule 2744 parties are permitted to wait to file applications for counsel fees with the appellate court until the matter is disposed of on appeal. I would utilize an approach similar to Rule 2744 at the trial court level, which permits parties to file motions for counsel fees with the trial court within 30 days of when the matter is resolved after appeal.

These procedural matters are complex; I, therefore, believe a simple approach would be best here, which reduces waiver of the ability to file motions for counsel fees. Because there is no prohibition against permitting a motion for counsel fees to be filed with the trial court within 30 days of when a matter is resolved after appeal, and because there are reasons of efficiency and policy to permit such filings, I would find that the motion for counsel fees was timely.[4]

_____
**RENÉE COHN JUBELIRER, Judge**

---

[4] It may be that a clarification in the procedural rules, both civil and appellate, would be helpful in setting forth a consistent approach to counsel fees.

RCJ-7