J-A18040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF BERNARD L. KLIONSKY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: MATTHEW KLIONSKY, NINA KLIONSKY, AND RUTH KLIONSKY SHAPIRO | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 198 WDA 2024 |

Appeal from the Order Entered February 5, 2024
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): 6730 of 2017

BEFORE: OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: November 21, 2024**

Matthew Klionsky, Nina Klionsky, and Ruth Klionsky Shapiro ("Appellants") appeal from the order entered on February 5, 2024, dismissing their objections to the first and final account of the Estate of Bernard L. Klionsky ("the Estate").[1]  We affirm.

*Background*

---

[1] Generally, the final order in an estate matter is an order confirming the final account.  ***In re Estate of Cherwinkski***, 856 A.2d 165, 166-67 (Pa. Super. 2004); ***but see In re Estate of McLeod***, 2021 WL 1750888, at *9 n.3 (Pa. Super. May 4, 2021) (unpublished memorandum) (citing ***In re Nadzam***, 203 A.3d 215, 219 (Pa. Super. 2019) (stating that an order dismissing objections to a final account was a final order where no claims or parties remained)). ***See also*** Pa.R.A.P. 341(b)(1) ("A final order is any order that … disposes of all claims and of all parties[.]").  As no outstanding claims or parties remain in the present matter, we deem the February 5, 2024 order dismissing Appellants' objections to the final account to be a final order.

The orphans' court summarized the background of this matter as follows:

This matter came before the [orphans'] court on objections … to the first and final account and petition for adjudication filed by Daniel Klionsky, as executor for the above-captioned Estate of his father, Bernard [L.] Klionsky[ ("Bernard" or "the decedent")].[2] The objections … were filed by his siblings, [Appellants]….

The decedent died testate on November 12, 2017. Testamentary letters were issued to Daniel [at Docket No. 6730 of 2017 ("the Estate action")] … on November 22, 2017. In 2018, [Appellants] filed a separate action [at Docket No. 2266 of 2018 ("the POA action")] against [Daniel], who was also the agent under a power of attorney [("POA")] for his father….[3] Extensive litigation occurred in that case, including two appeals to the Superior Court. While that litigation was occurring, an inventory and inheritance tax return were filed in this matter in early 2019. This led to [Appellants'] filing a petition seeking the removal of Daniel as the Executor of the Estate. After a hearing, the petition was denied via order of court dated June 21, 2019. The Executor filed a first and final account and petition for distribution on March 31, 2023. Timely objections were filed on May 15, 2023[,] and a hearing was held on December 13, 2023.

Orphans' Court Opinion and Order ("OCOO"), 2/5/24, at 1-2 (unnecessary capitalization omitted).

As explained by the orphans' court,

[Appellants'] first objection concern[ed] a line item for $185,178.14 as an "administrative expense[."] This item refers to attorney[s'] fees and costs that Daniel … incurred as a result of

---

[2] Daniel Klionsky is hereinafter referred to as "Daniel" or "the Executor."

[3] Bernard executed a durable POA on May 10, 2012, which named Daniel and his brother, Matthew, as his co-agents. **See** Pre-Trial Statement, 12/4/23, at 2 (unnumbered); Memorandum of Law, 12/4/23, at Exhibit B ("POA"). In March of 2015, Bernard terminated Matthew's power as co-agent, leaving Daniel as his sole agent under the POA. Pre-Trial Statement at 2.

the litigation in the companion case regarding his actions as agent under the [POA] for his father…. In that action, Daniel was represented by Charles Avalli, Esquire[,] and the firm of Gentile, Horoho and Avalli[, P.C. ("GHA")]. [Appellants] … were the petitioners in the [POA action]. They alleged that a number of gifts made to Daniel, his wife, and his daughters were the result of undue influence by Daniel on the decedent. This court ruled in favor of Daniel, which was affirmed on appeal.[4] Notably, [Appellants] challenged the gifts made by the decedent … in the [POA] case, even though the gifts were not made under the [POA].

*Id.* at 2 (unnecessary capitalization and citation to record omitted).

The orphans' court determined that

this issue should have been raised in the Estate [action] and not as an objection to the account filed by [Daniel] under the [POA]. As [Appellants] raised the issue in the wrong litigation, and the Executor would have been entitled to defend the issue of undue influence on the decedent in the Estate [action], the court [found] that listing Attorney Avalli's fees as an administrative expense was proper, and [dismissed this objection].

*Id.* at 3 (unnecessary capitalization and footnote omitted).

Additionally, the court noted:

The second objection concern[ed] the attorney[s'] fees paid to [Todd T. Jordan, Esquire ("Attorney Jordan")] and his then-firm, Eckert Seamans[ Cherin & Mellot, LLC ("Eckert Seamans")].[5] Specifically, [Appellants] claim[ed] that $67,938[.00] in fees are attributable to the case involving the [POA] and not the within

---

[4] ***See In re Klionsky***, 2021 WL 5293939, at *7 (Pa. Super. Nov. 15, 2021) (unpublished memorandum) (affirming the orphans' court's dismissal of Appellants' objections). ***See also id.*** at *6 (noting the orphans' court found that Daniel met his burden of proof in establishing that the decedent made the gifts "intelligently and of [his] own free will"); *id.* ("[The decedent] and his wife made the gifts as a form of compensation for the many hours that Daniel, his wife, and their daughters spent caring for [the decedent] and his wife prior to their deaths.") (internal brackets and citation omitted).

[5] Attorney Jordan and Eckert Seamans represented the Estate in the POA action. ***See*** Petition for Rule to Show Cause, 2/25/19, at Exhibit B.

Estate [action]. Attorney Jordan sought leave of court to permit the Estate to intervene in the [POA] case. This motion was granted, as the main issue being challenged were [*sic*] the gifts made by the decedent to Daniel and his family, which was, in reality, an estate issue and not a [POA] issue. Thus, [the orphans' court determined that] these fees were properly incurred as an expense of defending the Estate and [dismissed this objection].

*Id.* at 4 (unnecessary capitalization omitted).

On February 13, 2024, Appellants filed a timely notice of appeal from the February 5, 2024 order dismissing their objections, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. On March 14, 2014, the orphans' court entered an order adopting its February 5, 2024 memorandum as its Rule 1925(a) opinion. *See* Order, 3/14/24 (single page) (indicating that the court's February 5, 2024 memorandum "thoroughly addresses all issues raised in the [Rule 1925(b)] concise statement").

*Issues*

Herein, Appellants present the following issues for our review:

1. Did the [orphans'] court err as a matter of law and/or abuse its discretion in overruling Appellants' objection to [GHA's] $185,178.14 attorneys' fees claim when the court did not have jurisdiction to award the claim because the claim related to a dispute at another docket that was concluded years ago[?]

2. Did the [orphans'] court err as a matter of law and/or abuse its discretion in overruling … Appellants' objection to GHA's attorneys' fees because [Daniel]/[the ]Executor did not sustain his burden of establishing reasonableness (with the [orphans'] court, itself, concluding that whether the "amount of the fees is reasonable cannot be determined by reviewing the admitted invoices")[?]

3. Would it be impossible (*i.e.*, futile) for the [orphans'] court to make a factual determination as to which fees were

- 4 -

compensable under the subject POA's fee-shifting provision — even on remand[?]

4. Did the [orphans'] court err as a matter of law and/or abuse its discretion in overruling … Appellants' objection to Eckert Seaman[s'] $67,938[.00] in attorneys' fees because [Daniel]/[the ]Executor was not permitted to spend Estate funds litigating his personal dispute[?]

Appellants' Brief at 5-6.

*Discussion*

To begin, we note that our standard of review of the findings of an orphans' court is deferential. **See In re Estate of Harper**, 975 A.2d 1155, 1159 (Pa. Super. 2009).

> When reviewing a decree entered by the orphans' court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the orphans' court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.
>
> However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

**Id.** (internal citations, quotations marks, and unnecessary capitalization omitted).

*GHA attorneys' fees*

Appellants' first three issues concern the administrative expense in the amount of $185,178.14, which is included in the first and final account and represents the Estate's reimbursement to Daniel for attorneys' fees that he incurred — and paid — in connection with GHA's representation of him in the POA action.

First, Appellants assert that the orphans' court lacked jurisdiction "to sustain Daniel's claimed $185,178.[14] in attorneys' fees attributable to GHA's defense in the [POA] action … because Daniel's opportunity to seek those fees [has] long passed." Appellants' Brief at 11-12 (cleaned up). Essentially, they argue that Daniel was required to petition for said attorneys' fees within 30 days of the orphans' court's final order in the POA action, but that he failed to do so and now the orphans' court's jurisdiction has expired. *Id.* at 14-15. *See also id.* at 13 (citing *Szwerc v. Lehigh Valley Health Network, Inc.*, 235 A.3d 331, 335 (Pa. Super. 2020) ("Pursuant to [42 Pa.C.S. §] 5505, a trial court's jurisdiction generally extends for thirty days after the entry of a final order. After the 30-day time period, the trial court is divested of jurisdiction."); *Freidenbloom v. Weyant*, 814 A.2d 1253, 1256 (Pa. Super. 2003) ("Since the fee petition was filed beyond the 30-day period in which the trial court retained jurisdiction, the trial court lacked any authority to act on the late petition for counsel fees. Thus, its subsequent order was a nullity.")). Moreover, Appellants aver that just because Daniel "could have" filed his claim for attorneys' fees in the Estate action — as suggested by the orphans' court[6] — does not alter the fact that he did not do so, nor does it excuse his failure to request said fees in the POA action. *Id.* at 15. We deem this argument to be wholly without merit.

---

[6] *But see* OCOO at 2 (opining that this issue "**should have** been raised in the Estate action") (emphasis added).

- 6 -

Preliminarily, we observe that Appellants have failed to provide any legal support for their contention that Daniel was required to file a claim for the at-issue attorneys' fees in the POA action. Thus, we deem this argument waived. *See Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) (stating that arguments not appropriately developed are waived); *id.* ("Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Moreover, we find inapplicable the statute and caselaw cited by Appellants in support of their position that the orphans' court lacked jurisdiction to approve Daniel's purported claim for attorneys' fees in the amount of $185,178.14, because more than 30 days had passed since the final order was entered in the POA action. The 30-day period referred to in Section 5505, *Szwerc*, and *Freidenbloom* refers to the court's retention of jurisdiction of a matter filed at a particular docket number. *See* 42 Pa.C.S. § 5505; *Szwerc*, *supra*; *Freidenbloom*, *supra*. Had Daniel filed a petition for attorneys' fees in the POA action beyond this 30-day period, Appellants may have been correct in stating that the POA court no longer had jurisdiction to rule on the petition in that matter. However, that is not the situation here, and the expiration of the 30-day period in the POA action has no effect whatsoever on the orphans' court's jurisdiction in the instant Estate action.

Another flaw in Appellants' argument is their framing of this claim as a question regarding whether the orphans' court had jurisdiction to award

attorneys' fees. We emphasize that this matter does **not** involve a petition for approval of GHA's attorneys' fees; rather, the amount in question represents the Estate's expense of reimbursing an amount owed under a contract entered by the decedent. To illustrate this point, we believe a brief review of the procedural history of this matter is warranted.

Here, Appellants commenced the POA action — while the instant Estate action was already pending — at a separate docket number, with the filing of a petition to require Daniel to file an accounting of his activity as agent under the POA. Daniel filed his accounting in the POA action on August 21, 2018, to which Appellants filed objections on November 19, 2018. Appellants then filed amended objections to the POA accounting on November 30, 2018, in which they objected to the gifts made by the decedent to Daniel and his family in 2015, 2016, and 2017, asserting that said gifts were the result of Daniel's undue influence on the decedent. Ultimately, the orphans' court found in favor of Daniel and affirmed the lifetime gifts totaling $256,000.00. **See In re Klionsky**, 2021 WL 5293939 at 7 (affirming the orphans' court's decision).

Daniel incurred $185,178.14 in attorneys' fees and costs through GHA's representation of him in the POA action, which included defending him against the undue influence claim.[7] According to Attorney Avalli, these fees and costs were paid by Daniel as they were incurred. **See** N.T., 12/13/23, at 48. The Estate then reimbursed Daniel for these fees on December 20, 2021, pursuant

---

[7] We note that Appellants chose to raise their undue influence claim in the POA action, rather than in the Estate action.

to provisions of the decedent's POA, which included the following indemnification clause:

> I hereby ratify and confirm all that my Agent shall do or cause to be done under this Durable General Power of Attorney. I specifically direct that my Agent shall not be subject to any liability by reason of any of my Agent's decisions, acts or failures to act which are made in good faith, all of which shall be conclusive and binding upon me, my personal representatives, heirs and assigns. Furthermore, except in the case of malfeasance of office, **I agree to indemnify my Agent and hold my Agent harmless from all claims that may be made against my Agent as a result of my Agent's service hereunder and I hereby agree to reimburse my Agent in the amount of any damages, costs and expense that may be incurred as a result of any such claim.**

POA at 5 ¶ 2 (emphasis added).

Daniel listed the $185,178.14 reimbursement as an "administrative expense" in the first and final account filed in the present Estate action. **See** First and Final Account, 3/31/23, at Schedule C ("Disbursements of Principal") (including the following description of the December 20, 2021 disbursement: "Daniel Klionsky – Reimbursement for defense of [POA] action pursuant to provisions of the decedent's [POA]"). Appellants filed timely objections to the account, which included an objection to the line item for the $185,178.14 disbursement. An evidentiary hearing was held before the orphans' court, after which the court dismissed Appellants' objections.

Contrary to Appellants' argument, the orphans' court clearly had jurisdiction to rule on Appellants' objections to the final account. **In re Estate of Schmidt**, 596 A.2d 1124, 1128 (Pa. Super. 1991) ("The orphans' court

division of the court of common pleas has jurisdiction over the administration and distribution of a decedent's estate."). **See also** 20 Pa.C.S. § 711(1) (granting the orphans' court mandatory and exclusive jurisdiction over the administration and distribution of the real and personal property of decedents' estates). Moreover, Section 762 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §§ 101-8815, provides that "[t]he orphans' court division may decide or dispose of any question relating to the administration or distribution of an estate or trust and exercise any of its powers in respect thereof upon the filing of an account or in any other appropriate proceeding." 20 Pa.C.S. § 762.

Next, Appellants claim that even if the orphans' court had jurisdiction to rule on their objections to the final account, it erred in dismissing their objection to the $185,178.14 line item on the grounds that the Executor failed to sustain his burden of establishing the reasonableness of these attorneys' fees. Appellants' Brief at 11. They claim that it was the Executor's burden "to make an evidentiary record … upon which the [orphans'] court could assess the reasonableness of the fees claimed[,]" and that because he failed to do so, Daniel should not be awarded any fees. **Id.** at 17-18. **See also id.** at 16 (citing **Richards v. Ameriprise, Financial, Inc.**, 217 A.3d 854, 866 n.14 (Pa. Super. 2019) ("The party seeking attorneys' fees bears the initial burden of demonstrating the reasonableness of the fees by submitting evidence supporting the hours worked and the rates claimed. The party challenging the fee request bears the burden of proving that the fee request is

unreasonable, and if it meets that burden, the lodestar amount may be adjusted at the court's discretion.")).  No relief is due on this claim.

As the Estate so aptly opines, Appellants again "miss the issue.  This is an issue of indemnification.  [Daniel] is entitled to be made whole for successfully defending the [POA] action." Estate's Brief at 10.  The cases cited by Appellants involve petitioners seeking an award of attorneys' fees to which the petitioners believe they are entitled pursuant to a contract or statute.  However, this is not the case here.  In the present matter, the orphans' court is merely confirming the reimbursement to Daniel for the legal fees he incurred — and already paid — in the POA action.

The Estate argues that, because Appellants chose to bring the undue influence claim and to contest the gifts under the POA action, Daniel is entitled to reimbursement for the fees and costs he incurred during that litigation, pursuant to the indemnification clause in the POA.  *Id.* at 5.  We agree.  When interpreting a written agreement, we must ascertain the intent of the parties.  *See Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004) (citation omitted).

> In cases of a written contract, the intent of the parties is the writing itself.  If left undefined, the words of a contract are to be given their ordinary meaning.  When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself.

*Id.* (internal citations omitted).

Here, the POA plainly states, in relevant part:

> [E]xcept in the case of malfeasance of office, I agree to indemnify my Agent and hold my Agent harmless from all claims that may be made against my Agent as a result of my Agent's service

- 11 -

hereunder and I agree to reimburse my Agent in the amount of any damages, costs and expense that may be incurred as a result of any such claim.

POA at 5 ¶2.

It is undisputed that Bernard appointed Daniel as his agent under the POA, and no malfeasance has been proven. Thus, we believe that the decedent clearly and unambiguously intended for Daniel to be reimbursed for any fees or expenses that he incurred in defending an action brought under the POA. While Daniel has admitted that he was not acting as agent under the POA with regard to the $256,000.00 in gifts made to him and his family,[8] Appellants chose to contest the gifts and raise their undue influence claim under the POA action.[9] Hence, we discern no error of law or abuse of discretion in the orphans' court's decision that it was proper to include the reimbursement of the fees incurred in the POA case as an expense in the Estate's final account.

*Eckert Seamans attorneys' fees*

---

[8] **See** OCOO at 3 ("[Daniel] did not make the gifts or write the checks. Rather, these were lifetime gifts made via checks signed by the [d]ecedent.").

[9] The orphans' court explained that, because Daniel "did not make the gifts as agent under the [POA], he did not include them in the account that he filed as agent under the [POA]." OCOO at 3 (cleaned up). This led to Appellants' filing of the objections to the account, "claiming that Daniel, as agent, 'failed to account for the decedent's finances[.'] After discovery, this objection morphed into a claim that Daniel exerted undue influence on the decedent, which led to the decedent making the gifts to Daniel and members of his family." **Id.** (cleaned up).

Finally, Appellants aver that the orphans' court erred in dismissing their objection to Eckert Seamans' attorneys' fees in the amount of $67,938.00, because the Executor is not permitted to spend Estate funds litigating a personal matter. Estate's Brief at 6. In support of this claim, they allege that Eckert Seamans defended "Daniel's **personal** dispute involving the contested … gifts[,]" *id.* at 21 (emphasis in original), and expressed confusion over "why Eckert Seamans even got involved in the [POA a]ction," *see id.* (suggesting that Eckert Seamans merely duplicated the work that GHA was already performing).

However, as the orphans' court explained, Eckert Seamans represented the Estate — not Daniel — in the POA action. The firm was granted leave to intervene in the POA action on behalf of the Estate, "as the main issue being challenged were [*sic*] the gifts made by the decedent to Daniel and his family, which was, in reality, an Estate issue…." OCOO at 4. *See also id.* (concluding that these fees were properly incurred as an expense of defending the Estate). As such, we discern no error of law or abuse of discretion in the orphans' court's dismissal of Appellants' objection.[10]

_____

[10] Appellants did not raise any question regarding the reasonableness of the attorneys' fees paid to Eckert Seamans in their Rule 1925(b) concise statement or in their Statement of the Questions Involved; thus, we deem any such issue to be waived. *Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 797 (Pa. Super. 2006) (citations omitted) ("We will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved, and any issue not raised in a statement of matters complained of on appeal is deemed waived."). *See also*
*(Footnote Continued Next Page)*

Accordingly, we affirm the order entered by the orphans' court on February 5, 2024, dismissing Appellants' objections to the first and final account of the Estate.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/21/2024

---

Order, 2/20/24 (single page) ("Appellant is notified pursuant to [Pa.R.A.P.] 1925(b)(3)(iv)[,] that any issue not properly included in the [concise s]tatement timely filed and served pursuant to subsection (b) of this Rule shall be deemed waived.").