IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia Department of :
Licenses and Inspection :
 :
   v. : No. 902 C.D. 2024
 :
George Bochetto, : Submitted: April 13, 2026
    Appellant :

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
   HONORABLE MICHAEL H. WOJCIK, Judge
   HONORABLE STELLA M. TSAI, Judge

OPINION
BY JUDGE McCULLOUGH     FILED: May 18, 2026

   George Bochetto (Requester) appeals from the June 25, 2024 order of the Court of Common Pleas of Philadelphia County (trial court), which denied Requester's petition for attorneys' fees pursuant to Section 1304(a) of the Right-to-Know Law (RTKL),[1] 65 P.S. § 67.1304(a) (Fee Petition).  Requester argues on appeal that the trial court erred in declining to award fees because the City of Philadelphia Department of Licenses and Inspections (L&I) failed to conduct a good faith search for records responsive to Requester's RTKL request.

   Upon review, we vacate the trial court's order for lack of jurisdiction and remand for dismissal of the Fee Petition.

## I. Background and Procedural History

   The facts of this case largely are undisputed and may be summarized as follows.[2]  On January 10, 2023, Requester and his law firm, Bochetto & Lentz, P.C.,

---

[1] Act of February 14, 2008, P.L. 6, No. 3, 65 P.S. §§ 67.101 – 67.3104.

[2] Some of the procedural facts included below are taken from the associated appeal filed in this Court at No. 510 C.D. 2024.

submitted a RTKL request to the Philadelphia Board of License and Inspection Review (Board) seeking the following eight categories of records:

1. Ralph Pinkus, Esq.'s financial disclosures arising from and/or related to his position as a member of the [Board] from January 1, 2018[,] through January[]9, 2023.

2. A list of each and every matter and/or appeal arising from and/or relating to the [Board], [L&I], and/or Philadelphia Zoning Board for which Ralph Pinkus, Esq. appeared on behalf of a client.

3. A list of each and every matter and/or appeal for which Ralph Pinkus, Esq. appeared before the [Philadelphia] Art Commission [(Art Commission)], Philadelphia Historical Commission [(Historical Commission)], [Board], and/or Philadelphia Zoning Board in his individual capacity.

4. A list of each and every matter and/or appeal for which Ralph Pinkus, Esq. appeared before the Art Commission, [ ] Historical Commission, [Board], and/or Philadelphia Zoning Board in his capacity as an attorney or a representative for another individual or entity.

5. Any and all written communications between Ralph Pinkus, Esq. and Mayor James F. Kenney, any employee of the Mayor's Office, the Managing Director and/or the Managing Director's Office that in any way relates to the Christopher Columbus statue located at Marconi Plaza; including the [ ] Historical Commission appeal (APPEAL # HA-2020-001450).

6. Any and all written communications between Ralph Pinkus and Kenneth Woodson, Steve Pettit, and/or Christian Woods that in any way relate to the Philadelphia Historical Commission appeal (APPEAL # HA-2020-001450).

7. Any and all written communications between Ralph Pinkus and Leonard F. Reuter, Jason Greenspon, Maggie White, and/or Danielle Walsh that in any way relate to the [] Historical Commission appeal (APPEAL # HA-2020-001450) and/or the Christopher Columbus statue located in Marconi Plaza.

8.     Any and all written communications between Ralph Pinkus and Robert Thomas, Kim Washington, Dan McCoubrey, Kelly Edwards, Emily Cooperman, and/or Jonathan E. Farnham, Ph.D. that in any way relate to the [ ] Historical Commission appeal (APPEAL # HA-2020-001450) and/or the Christopher Columbus statue located at Marconi Plaza.

(Reproduced Record (R.R.) at 031a-033a.)[3]  After several extensions of time and a partial production of records responsive to Part 1 of the Request, L&I issued its final response on March 31, 2023, advising that it did not possess records responsive to Parts 2 through 8.  (R.R. at 062a-065a, 069a-070a.)

Requester appealed to the Office of Open Records (OOR) on April 11, 2023, challenging several aspects of L&I's response.[4]  In the proceedings before the OOR, L&I submitted several affidavits in which it again asserted that it provided responsive records to Part 1 of the Request and did not possess any records responsive to Parts 2 through 8.  It further argued that certain parts of the Request were insufficiently specific and overbroad.  The OOR ultimately determined that (1) L&I established that records responsive to Parts 2 through 4 of the Request do not exist; (2) L&I's interpretation of Part 5 of the Request as insufficiently specific was reasonable; (3) L&I's use of keywords to search for records responsive to Parts 5 through 8 of the Request was reasonable; (4) L&I's interpretation of Parts 6 and 8 of the Request as limited to email communications housed on phila.gov servers was unreasonable; and

---

[3] Although the Board is named as the recipient of the Request, L&I is identified and functioned as the responding party throughout the proceedings.

[4] As noted by the OOR, R.R. at 136a, L&I did not timely respond within the timeframe of its last extension, which resulted in a deemed denial of the Request on March 21, 2023.  L&I nevertheless submitted its final written response on March 31, 2023.  Requester's appeal to the OOR was filed within 15 business days of both the deemed denial and L&I's written partial denial of the Request. *See* Section 1101(a)(1) of the RTKL, 65 P.S. § 67.1101(a)(1).

(5) L&I failed to establish, in several respects, that it conducted a good faith search for records responsive to Parts 5 through 8 of the Request. The OOR accordingly granted Requester's appeal, in part, and directed L&I to "conduct a good faith search for written communications between Ralph Pinkus and the [19] individuals identified and provide all records responsive to Parts 5 through 8 of the Request within [30] days." (Final Determination at 20; R.R. at 145a.)

L&I appealed to the trial court on July 28, 2023, challenging the OOR's conclusion that L&I did not conduct a good faith search for records responsive to Parts 5 through 8 of the Request. (R.R. at 157a.) The trial court did not receive additional evidence. After briefing and oral argument, that court denied L&I's appeal and affirmed the OOR's Final Determination by order entered March 26, 2024. The trial court did not issue with its order any findings of fact, conclusions of law, or rationale.[5] L&I filed a motion for reconsideration on April 23, 2024, and then appealed to this Court two days later on April 25, 2024.[6] In light of the appeal, the trial court denied as moot the motion for reconsideration on April 26, 2024. On June 17, 2024, the trial court ordered the filing of a Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(b) Concise Statement, which L&I filed on July 8, 2024. Therein, L&I asserted that the trial court erred in issuing its March 26, 2024 order without accompanying findings of fact, conclusions of law, and rationale explaining its decision. In its Pa.R.A.P. 1925(a) opinion, the trial court recommended that the case be remanded so that it could vacate its March 26, 2024 order and issue a compliant amended decision.

---

[5] Section 1302(a) of the RTKL requires a court of common pleas, in rendering its decision, to make findings of fact and conclusions of law "based on the evidence as a whole." 65 P.S. § 67.1302(a).

[6] The appeal was docketed in this Court at No. 510 C.D. 2024.

4

In the meantime, Requester filed the Fee Petition on May 31, 2024. Therein, Requester sought an award of attorneys' fees pursuant to Section 1304(a) of the RTKL, 65 P.S. § 67.1304(a), due to what Requester contended was L&I's bad faith in responding to the Request. (R.R. at 343a-46a.)[7] L&I filed an Answer, in which it argued, in part, that the Fee Petition was untimely pursuant to Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, because it was filed more than 30 days after the trial court's March 26, 2024 final order. (Answer, 6/20/24, ¶ 8; R.R. at 501a.)

The trial court denied the Fee Petition by order entered June 25, 2024. The order states that, "upon consideration of the petition of the appellee, George Bochetto, for attorney's fees, and any response thereto, and good cause appearing, it is hereby ORDERED and DECREED that reconsideration is hereby **DENIED.**" (Order, June 25, 2024; R.R. at 513a) (emphasis in original). Requester appealed, and the trial court directed the filing of a Pa.R.A.P. 1925(b) Concise Statement. Although Requester timely complied on September 16, 2023, the trial court has not, to date, filed a Pa.R.A.P. 1925(a) opinion explaining its reasons for denying the Fee Petition.[8]

---

[7] The Fee Petition reads more like a motion *for leave* to file a fee petition. For relief, Requester asked that the trial court "allow him to file a fee petition, so that reasonable attorney's fees and costs may be awarded at the [c]ourt's discretion." (Fee Petition, ¶ 21; R.R. at 346a.) In his proposed order, Requester included relief granting leave to file "a fee petition" within 14 days of the order, together with findings that L&I acted in bad faith. (R.R. at 342a.) Nevertheless, because the parties have treated the Fee Petition as itself seeking an award of attorneys' fees, and given our ultimate disposition of this appeal, inconsistencies in the wording of the Fee Petition are of no moment.

[8] Ordinarily, where a trial court's reasoning is not plain from its order or from the record, its failure to file a Pa.R.A.P. 1925(a) opinion precludes meaningful appellate review and requires a remand for the preparation of a compliant opinion to be returned to the reviewing panel. *See Miller Development Corporation v. Union Township Municipal Authority*, 666 A.2d 391, 395 (Pa. Cmwlth. 1995). Here, however, we need not remand because the jurisdictional grounds compelling our disposition are undisputed and clear in the record.

## II.    Issues

In this Court, Requester argues that the trial court erred in denying the Fee Petition because the OOR concluded that L&I did not conduct a good faith search for records responsive to Parts 5 through 8 of the Request, and the trial court affirmed the OOR's Final Determination.  Accordingly, Requester contends that he is entitled to attorneys' fees for L&I's bad faith conduct pursuant to Section 1304(a)(1) of the RTKL.  L&I argues in response that (1) the Fee Petition was untimely filed more than 30 days after the trial court's March 26, 2024 order; and (2) Requester failed to prove bad faith conduct by L&I that would justify an award of attorneys' fees.

## III.    Discussion[9]

### A.    Applicable Legal Principles

L&I's first issue implicates the trial court's jurisdiction and is dispositive.[10]  Generally, as to the recovery of attorneys' fees, Pennsylvania courts follow the American rule, which provides that the parties to an action are responsible

---

[9] Where a trial court declines to award attorneys' fees, that decision rests within the sound discretion of the trial court, and we will reverse only where there has been a clear abuse of discretion. *Township of Lower Merion v. QED, Inc.*, 762 A.2d 779, 781 (Pa. Cmwlth. 2000).  "[A]n abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Wagner v. Pennsylvania Capitol Police Department*, 132 A.3d 1051, 1057 (Pa. Cmwlth. 2016) (quoting *Paden v. Baker Concrete Construction, Inc.*, 658 A.2d 341, 343 (Pa. 1995)).  We note that Requester misstates our standard and scope of review in his brief.  (Requester Br. at 5.)

[10] Although the trial court did not address this question, subject matter jurisdiction is not waivable and may be raised at any stage of a proceeding, including on appeal, by a party or by this Court *sua sponte*.  *Clean Air Council v. Sunoco Pipeline, L.P.*, 185 A.3d 478, 486 n. 17 (Pa. Cmwlth. 2018) (citing *LeFlar v. Gulf Creek Industrial Park No. 2*, 515 A.2d 875, 879 (Pa. 1986)).  Whether a court has subject matter jurisdiction is a pure question of law, over which we exercise *de novo*, plenary review.  *Office of Attorney General ex rel. Corbett v. Locust Township*, 968 A.2d 1263, 1268-69 (Pa. 2009).

for their own attorneys' fees unless otherwise expressly authorized by statute, by clear agreement of the parties, or pursuant to another recognized exception. *Merlino v. Delaware County*, 728 A.2d 949, 951 (Pa. 1999); *Richard Allen Preparatory Charter School v. Department of Education*, 161 A.3d 415, 428 (Pa. Cmwlth. 2017). In Pennsylvania, the American rule is codified in Section 1726(a)(1) of the Judicial Code, 42 Pa. C.S. § 1726(a)(1), which provides that "attorney's fees are not an item of taxable costs except to the extent authorized by [S]ection 2503 [of the Judicial Code, 42 Pa.C.S. § 2503] (relating to right of participants to receive counsel fees)." Section 2503 of the Judicial Code, in turn, provides a list of 10 categories of litigants who may recover reasonable attorneys' fees as taxable costs of a case. Where no other category applies, Section 2503(10) provides a statutory catch-all category that authorizes an award of fees to "any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted." 42 Pa.C.S. § 2503(10).

In this respect, and pertinent here, Section 1304(a) of the RTKL authorizes an award of reasonable attorneys' fees in certain limited circumstances, providing as follows:

> **(a) Reversal of agency determination.--**If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:
>
> > (1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith under the provisions of this act; or
> >
> > (2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of law.

7

. . . .

>**(c) Other sanctions.**--Nothing in [the RTKL] shall prohibit a court from imposing penalties and costs in accordance with applicable rules of court.

65 P.S. § 67.1304(a)(1)-(2), (c). Section 1304(a)(1) "permits recovery of attorney fees when the receiving agency determination is reversed, and it deprived a requester of access to records in bad faith." *Uniontown Newspapers, Inc. v. Pennsylvania Department of Corrections*, 243 A.3d 19, 34 (Pa. 2020) (citation, quotations, and editing omitted). Chapter 13[11] courts may award attorneys' fees under Section 1304(a) only "after the court has made relevant factual findings supporting such awards . . . ." *Bowling v. Office of Open Records*, 75 A.3d 453, 458 (Pa. 2013) (citing, in part, Section 1304). Section 1304 does not provide a procedure for seeking attorneys' fees and is silent as to the timing for filing a fee petition.

Nevertheless, Section 5505 of the Judicial Code provides that, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days of its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. Pennsylvania Courts, including this Court, have applied Section 5505 to preclude as untimely petitions seeking attorneys' fees as part of the taxable costs in a case that are filed more than 30 days after a final order. For example, in *Ness v. York Township Board of Commissioners*, 123 A.3d 1166 (Pa. Cmwlth. 2015), the petitioner (Ness) filed a petition for review in the Court of Common Pleas of York County challenging the validity of certain tax exemption ordinances enacted by York

---

[11] Chapter 13 of the RTKL governs judicial review of the decisions of RTKL appeals officers of local, Commonwealth, legislative, and judicial agencies. Where the appeal concerns the decision of a local agency, the court of common pleas is the Chapter 13 court. Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a). Where the appeal concerns the decision of a Commonwealth, legislative, or judicial agency, this Court functions as the Chapter 13 court. *Id.* § 1301(a).

8

County and York Township. *Id.* at 1168. On December 17, 2013, on the township's motion, the trial court dismissed Ness's petition with prejudice on multiple grounds. *Id.* Ness appealed to this Court on January 2, 2014, and we dismissed the appeal on May 9, 2014, due to Ness's failure to file a brief. *Id.*

On May 22, 2014, the township filed a petition for sanctions in which it sought an award of counsel fees under Section 2503(9) of the Judicial Code, 42 Pa. C.S. § 2503(9), for Ness's "arbitrary," "vexatious," or "bad faith" conduct. *Id.* After argument on the petition, the trial court granted the township's petition and awarded fees. *Id.* at 1169. Ness again appealed to this Court, this time arguing, in part, that the trial court lacked jurisdiction to entertain the township's petition because it was filed more than 30 days after the trial court's December 17, 2013 order. *Id.* We agreed, concluding as follows:

> Under Section 5505 of the Judicial Code, [42 Pa. C.S. § 5505,] a trial court lacks authority to award additional relief sought more than 30 days after its final order in a case. *Strohl v. South Annville Township*[ ](Pa. Cmwlth.[,] Nos. 2162 C.D. 2009 & 2324 C.D. 2009, filed April 13, 2011), slip op. at 11–12[;] *In re Estate of Bechtel*, 92 A.3d 833, 843 (Pa. Super. 2014); *Freidenbloom v. Weyant*, 814 A.2d 1253, 1255 (Pa. Super. 2003), *overruled in part on other issue by Miller Electric Co. v. DeWeese*, [] 907 A.2d 1051 ([Pa.] 2006). "A trial court's jurisdiction generally extends for thirty days after the entry of a final order. . . . After the 30[-]day time period, the trial court is divested of jurisdiction." *Freidenbloom*, 814 A.2d at 1255. Accordingly, where a request for counsel fees under 42 Pa. C.S. § 2503 is filed more than 30 days after final judgment, the trial court has no jurisdiction to act on that request, and its award of counsel fees must be vacated for lack of jurisdiction. *Strohl*, slip op. at 11–14[(]vacating award of counsel fees for lack of jurisdiction where motions for sanctions were filed 38 days or more after trial court orders dismissing complaint with prejudice); *Freidenbloom*, 814 A.2d at 1255–56 (vacating

9

award of counsel fees for lack of jurisdiction where petition for counsel fees was filed 36 days after discontinuance of action).

. . . .

The fact that Ness filed an appeal that was pending in this Court until May 9, 2014 does not change this. A motion for counsel fees under 42 Pa. C.S. § 2503 is an ancillary matter separate from the appeal of the trial court's judgment in the case. *Samuel–Bassett v. Kia Motors America, Inc.*, [] 34 A.3d 1, 48 ([Pa.] 2011); *Old Forge School District v. Highmark Inc.*, [] 924 A.2d 1205, 1211 ([Pa.] 2007). The filing of an appeal therefore does not divest the trial court of jurisdiction over such a motion for counsel fees. *Samuel–Bassett*, 34 A.3d at 48; *Old Forge School District*, 924 A.2d at 1211. Because the trial court retained jurisdiction over the separate issue of counsel fees, Ness's filing of the January 2014 Appeal did not prevent the [t]ownship from timely filing its request for counsel fees on or before January 16, 2014.[]

. . . .

Moreover, consideration of sound judicial policy requires rejection of the [t]ownship's argument. Delay in filing a motion for counsel fees while an underlying appeal is pending denies the trial court the opportunity to consider the fee request at a time when the court is familiar with the case and issues. While the period that the January 2014 Appeal was pending was relatively brief, that will not always be the case. The rule advocated by the [t]ownship would permit the filing of a motion for counsel fees years after the events and conduct for which fees are sought. Therefore, even if it [was] in our power to extend the period over which a trial court retains jurisdiction, we would decline to do so.

Because the [t]ownship did not file its [p]etition for [s]anctions within 30 days of the trial court's final order and this Court did not remand the case for any further proceedings, the trial court no longer had jurisdiction over this case after January 16, 2014[,] and was without jurisdiction to act on the [t]ownship's May 22, 2014

10

[p]etition for [s]anctions. Accordingly, we vacate the trial court's order awarding counsel fees.

*Id.* at 1169-71 (some footnotes omitted). *See also Folk v. Mifflin Township Zoning Hearing Board*, 317 A.3d 716, 726-27 (Pa. Cmwlth. 2024) (parties waived their ability to file a fee petition pursuant to Section 2503 of the Judicial Code by failing to file it within 30 days of judgment); *Szwerc v. Lehigh Valley Health Network, Inc.*, 235 A.3d 331, 336-37, 339 (Pa. Super. 2020) (relying, in part, on *Ness* to conclude that the trial court did not have subject matter jurisdiction over post-appeal motion for attorneys' fees filed under the Wage Payment and Collection Law, Act of July 14, 1961, P.L. 637, *as amended*, 43 P.S. §§ 260.1-260.13; fees motion was filed under Section 2503(10) of the Judicial Code more than 30 days after the trial court's final order, which late filing deprived the trial court of subject matter jurisdiction).[12]

By contrast, where a fees claim is independent from the underlying litigation and would not properly be considered part of the "costs" of the case, or where a statute authorizing fees clearly provides a different procedural mechanism for requesting them, Section 5505's limitation period does not apply. *See, e.g.*, *Miller v. Borough of Indian Lake*, 297 A.3d 895, 899-900 (Pa. Cmwlth. 2023) (30-day period for filing attorneys' fees requests could not apply in eminent domain proceedings because the Eminent Domain Code provides the exclusive procedure governing eminent domain proceedings); *Township of Millcreek v. Angela Cres Trust of June 25, 1998*, 142 A.3d 948, 955 (Pa. Cmwlth. 2016) (Section 102(a) of the Eminent Domain Code "leaves no room" for alternate procedure to recover attorneys' fees as provided in Sections 2503(10) and 5505 of the Judicial Code; Section 5505, instead, "governs

---

[12] Superior Court decisions, although not binding, may be cited by this Court for their persuasive value where they address analogous issues. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

fee awards that are entered by modification of the final order in the case"); *Borough of Conshohocken v. Borough of Conshohocken Authority*, 654 A.2d 601 (Pa. Cmwlth. 1995) (30-day limitation period in Section 5505 did not bar claim for attorneys' fees under former Section 1117(b) of the Borough Code, *former* 53 P.S. § 46117(b), which gave a mayor an "absolute independent statutory right to attorney's fees independent and separate from any other causes of action; mayor's right to recover fees, unlike fee claims under Section 2503(9) of the Judicial Code, was "not contingent on a court's determination that the opposing party acted arbitrarily or in bad faith in the cause of action first litigated").

Thus, when distilled, Pennsylvania cases provide that requests for attorneys' fees that are intertwined with, or dependent on, the merits of the underlying dispute must be filed within 30 days of the final order disposing of the action because fee awards in those circumstances properly are considered to be part of the "taxable costs" of the case pursuant to Section 2503 of the Judicial Code. Awarding fees in that circumstance in essence requires modification of the trial court's final order, rendering Section 5505's 30-day time limitation applicable. Where, however, a fee petition is based on a statutory, contractual, or regulatory ground that is independent of the merits of the underlying action, or where the law specifically provides otherwise, such a petition is not subject to the 30-day limitation period in Section 5505 because any fees awarded do not constitute taxable costs of the action. Lastly, and in any event, the filing of an appeal of a final order in an underlying case will not deprive a court of jurisdiction to decide a fee petition, provided that the petition was otherwise timely filed. *See Samuel-Bassett*, 34 A.3d at 48; *Old Forge School District*, 924 A.2d at 1210-11; *Miller Electric*, 907 A.2d at 1057.

## B.    Analysis

Here, it is undisputed that the Fee Petition was filed more than 30 days after the trial court's March 26, 2024 order denying L&I's appeal and affirming the OOR's Final Determination.  The question presented, then, is whether fee petitions filed pursuant to Section 1304(a) of the RTKL are intertwined with, or dependent upon, the merits of the underlying dispute and, accordingly, are considered the taxable costs of the case pursuant to Section 2503 of the Judicial Code.  If they are, they must, pursuant to Section 5505 of the Judicial Code, be filed within 30 days of a Chapter 13 court's final order disposing of a RTKL appeal.  For the following reasons, we conclude that Section 5505 applies here and renders the Fee Petition untimely.[13]

First, although Section 1304(a) of the RTKL does not expressly state that fees may be awarded as part of the "costs" of the case, its language clearly contemplates that the same Chapter 13 court will, as part of an appeal, consider any requests for attorneys' fees and make associated findings as to whether the requirements of Section 1304(a) are satisfied.  That determination may, but need not always, require a separate hearing and factfinding, *see Uniontown Newspapers, Inc. v. Pennsylvania Department of Corrections*, 197 A.3d 825, 830 (Pa. Cmwlth. 2018) (single j. op.), *aff'd*, 243 A.3d 19 (Pa. 2020);[14] *Office of District Attorney v. Bagwell*, 155 A.3d 1119, 1141 (Pa. Cmwlth. 2017), and the grounds for seeking fees in Section 1304(a) are tied directly to

---

[13] Although this Court has not previously decided this question, it was presented in *City of Philadelphia v. Auerbach* (Pa. Cmwlth., No. 281 C.D. 2024, filed March 31, 2025).  We did not rule on the question in *Auerbach*, however, because we concluded that, in any event, the fee petition filed pursuant to Section 1304(a) of the RTKL was filed within 30 days of the trial court's final order.  *Id.*, slip op. at 12-14 & n.18.

[14] We may cite to reported, single-judge opinions of this Court for their persuasive value.  *See* Section 414(b) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(b).

13

the receiving agency's (1) response to a RTKL request; or (2) conduct otherwise constituting bad faith. Thus, Section 1304(a) ties the ability to receive fees directly to the merits of the underlying access dispute and contemplates that a single Chapter 13 court will both decide the merits and award any appropriate fees in conjunction with that decision.

Second, and unlike, for example, the Eminent Domain Code, there is nothing in Section 1304 or elsewhere in the RTKL providing that it is exclusive or exhaustive in matters of procedure or remedy.[15] Indeed, several provisions explicitly defer to general rules of court, including those that govern costs and penalties. *See, e.g.*, Section 1302 of the RTKL, 65 P.S. § 67.1302 (to perfect an appeal from the final determination of an appeals officer, a requester or local agency "may file a petition for review or other document as required by rule of court with the court of common pleas . . . ."); Section 1304(c) of the RTKL, 65 P.S. § 67.1304(c) ("nothing in [the RTKL] shall prohibit a court from imposing penalties and costs in accordance with applicable rules of court"). Moreover, and pertinently here, this Court previously has applied Section 5505 to trial court proceedings in the RTKL context. *See, e.g.*, *Kurowski v. Office of Open Records* (Pa. Cmwlth., No. 2289 C.D. 2012, filed December 27, 2013), slip op. at 4, 5 n.7[16] (in requester's appeal from an OOR final determination, trial court timely granted reconsideration of its order within 30 days of entry pursuant to Section 5505 of the Judicial Code); *Wilmington Township v. Hahn* (Pa. Cmwlth., No. 457 C.D.

---

[15] Although Section 1309 of the RTKL, 65 P.S. § 67.1309, provides that the Administrative Agency Law, 2 Pa.C.S. §§ 101-754, shall not apply to RTKL proceedings unless specifically adopted by regulation or policy, neither Section 1309 nor any other part of the RTKL references or precludes the applicability of the Judicial Code.

[16] We may cite to unreported decisions of this Court issued after January 15, 2008, for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a)

2019, filed March 2, 2020), slip op. at 12, 18-19 (under Section 5505, the trial court properly dismissed for lack of jurisdiction a petition to enforce an OOR final determination filed more than 30 days after responding township discontinued its petition for review of the final determination filed in the trial court). Thus, in our view, the fact that Section 1304(a) itself does not provide a time limitation for filing of fee requests manifests the General Assembly's intent that such requests be governed by other generally applicable rules and statutes, including Section 5505. *Cf.* Section 1302(a) of the RTKL (appeals to the court of common pleas from final determinations of appeals officers must be filed "[w]ithin 30 days of the mailing date of the final determination of the appeals officer . . . .").

Third, where a statute has authorized an award of attorneys' fees related to underlying litigation, Pennsylvania courts have considered such requests to be those permitted by "statute heretofore or hereinafter enacted" under Section 2503(10) of the Judicial Code. *See, e.g.*, *Merlino*, 728 A.2d at 951 n.1 (noting various administrative statutes authorizing attorneys' fees under Section 2503(10) of the Judicial Code); *Pennsylvania Human Relations Commission ex rel. Davis v. Robert H. Wise Management*, 841 A.2d 1078, 1082 (Pa. Cmwlth. 2004); (Section 9(d.1) of the Human Relations Act,[17] 43 P.S. § 959(d.1), authorizes recovery of attorneys' fees via Section 2503(10) of the Judicial Code); *Szwerc*, 235 A.3d at 336-37, 339 (motion for attorneys' fees filed under the Wage Payment and Collection Law was filed under Section 2503(10) of the Judicial Code). Given its tethering of attorneys' fees to the merits of the underlying records access dispute, we see no reason why Section 1304(a) of the RTKL would not similarly be classified under Section 2503(10)'s general catch-all category.

---

[17] Act of October 27, 1955, P.L. 744, *as amended*.

Requester argues that his Fee Petition is not untimely for several reasons. He asserts that (1) Section 5505 is inapplicable here because that section applies only when motions seek to modify or rescind final orders, Requester Reply Br., at 2 ("Section 5505 thus governs only modification or rescission of an existing order, it is not a general jurisdictional bar, it yields to other law, and applies only where no appeal has been taken."); (2) Section 5505 precludes a trial court's exercise of jurisdiction over a fee petition only where the underlying case is "closed," and it does not preclude the Fee Petition here because the trial court was acting in its "appellate" jurisdiction, *id.* at 3-5; (3) *Freidenbloom*, *Samuel-Bassett*, *Old Forge School District*, and *Ness* expressly permit consideration of fee petitions after final judgment is entered and an appeal is filed, Requester's Reply Br., at 5-6; (4) the RTKL authorizes attorneys' fees "independently of any court order on the merits of a records access dispute," *id.* at 9-10; and (5) the RTKL does not impose a deadline for filing fee petitions under Section 1304(a), so they may be filed at any time. *Id.* at 10-11. Requester's arguments miss the mark in several respects.

First, as we already have noted, Section 5505 precludes the filing of fee petitions more than 30 days after the trial court's entry of a final order where such petitions seek fees as part of the taxable costs of the matter under Section 2503 of the Judicial Code. In that circumstance, a fee petition, in essence, requests modification of the final order. Second, whether a case is "closed" is immaterial to the Section 5505 analysis. The controlling factor is whether the trial court has entered a final order, which may or may not be followed by an appeal. Third, the trial court's jurisdiction was not "appellate" in the sense that Requester suggests. Chapter 13 courts exercise *de novo* review of the broadest scope and are required to make their own findings of fact and conclusions of law. 65 P.S. § 1302; *Payne v. Pennsylvania Department of*

*Health*, 240 A.3d 221, 225 n.6 (Pa. Cmwlth. 2020); *Bowling*, 75 A.3d at 474, 477; *West Chester University of Pennsylvania v. Browne*, 71 A.3d 1064, 1067 n.4 (Pa. Cmwlth. 2013). Consistent with their function, Section 1304(a) specifically authorizes Chapter 13 courts to hear and decide fee petitions, and Section 5505 properly applies to govern when such petitions may be filed.

Fourth, the cases cited by Requester do not further his position. Those cases collectively provide that a court may decide a fee petition after the entry of a final order and the filing of an appeal, *provided that the fee petition is otherwise timely filed in the first instance*. Here, there is no dispute that the trial court could have decided the Fee Petition when it did *if* the petition was timely filed. That is the precise issue before us, and Requester's arguments in this respect only beg the original question all over again; they do not answer it.

Fifth, an award of fees under Section 1304(a) is not in any sense independent from the underlying access-to-records case filed in a Chapter 13 court. Rather, the clear language of Section 1304(a) contemplates that fee awards will be issued by the same court hearing the underlying RTKL appeal, and the grounds for fees are tied directly to that dispute. Requester's own Fee Petition proves this point: it seeks an award of fees under Section 1304(a) based *exclusively* on the trial court's affirmance of the OOR's finding that L&I did not conduct a good faith search for records responsive to Parts 5 through 8 of the Request. Requester relies on no evidence, argument, or findings of fact separate and apart from the trial court's disposition of L&I's appeal, and his fee request is entirely dependent upon it.

Lastly, as we already have observed, the fact that Section 1304 does not impose a deadline for filing fee petitions manifests the General Assembly's intent that the ordinary rules governing timeliness would apply. Requester's suggestion that no

17

deadline should apply and that fee petitions may be filed at any time into perpetuity is an unreasonable result that we must avoid. *HIKO Energy, LLC v. Pennsylvania Public Utility Commission*, 163 A.3d 1079, 1107 (Pa. Cmwlth. 2017) (citing Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1)).

## IV. Conclusion

In sum, we conclude that fee petitions filed in a Chapter 13 court pursuant to Section 1304(a) of the RTKL must comply with the 30-day time limitation in Section 5505 of the Judicial Code.[18] That is, such fee petitions must be filed no later than 30 days after the Chapter 13 court's final order on the merits. Here, because it is undisputed that Requester's Fee Petition was filed more than 30 days after the trial court's March 26, 2024 order, it was untimely and the trial court lacked jurisdiction to consider it. The trial court's June 25, 2024 order accordingly must be vacated.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Dumas did not participate in the decision of this case.

---

[18] Requester sought attorneys' fees in this case as part of an appeal to a Chapter 13 court pursuant to Section 1302 of the RTKL. We have not been presented with a fee petition that is part of a separate RTKL enforcement action, and we render no opinion on the timing requirements for such petitions. *See, e.g.*, *Uniontown Newspapers, Inc.*, 197 A.3d at 830.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia Department of    :
Licenses and Inspection    :
    :
    v.    :    No. 902 C.D. 2024
    :
George Bochetto,    :
    Appellant    :

## *ORDER*

AND NOW, this 18th day of May, 2026, the June 25, 2024 order of the Court of Common Pleas of Philadelphia County (trial court) is VACATED, and this matter is REMANDED to the trial court with instructions to dismiss for lack of jurisdiction Appellant George Bochetto's Petition for Attorney's Fees Pursuant to 65 P.S. § 67.1304(a), filed May 31, 2024.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge